```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-29-13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NUANCE COMMUNICATIONS, INC.,

                       Petitioner,

    -against-

JOHN PURTELL, as Stockholder
Representative on behalf of Stockholders of
Vocada, Inc.,

                       Respondent.
-----------------------------------------------------------x

12 Civ. 8425 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, District Judge:

        This is an action under 9 U.S.C.§9 to confirm an arbitration award rendered by the American Arbitration Association ("AAA") on October 4, 2012 (the "Award"). Petitioner Nuance Communications, Inc. ("Nuance") seeks to confirm the Award, which denied Purtell, as Stockholder Representative on behalf of stockholders of Vocada, Inc. ("Vocada"), any relief on his claims against Nuance.

        According to the petition, Nuance acquired Vocada under a merger agreement dated October 16, 2007 (the "Merger Agreement"). (Pet.¶7.) The Merger Agreement provides for AAA arbitration of certain disputes, requiring, among any things, that any award "shall be written and shall be supported by written findings of fact and conclusions . . . ." (Romanello Decl.§7.4(d)(v).) It also states that, "[e]xcept as provided in Sections 7.4(d) and 8.5(c), each of the parties hereto irrevocably consents to the exclusive jurisdiction and venue of any court within New York County, State of New York, in connection with any matter based upon or arising out of this Agreement or the matters contemplated here . . . ." (Id.§11.7.) The carve-out in section

7.4 provides that "[j]udgment upon any award rendered by the arbitrator(s) may be entered in any court having jurisdiction." (Id.§7.4(d)(vi).)

In December 2010, the Vocada stockholders, through the Stockholder Representative, filed a demand for arbitration with the AAA, alleging that Nuance breached its obligations under the Merger Agreement, breached the implied covenant of good faith and fair dealing, and fraudulently induced the Vocada shareholders to enter into the Merger Agreement. (Pet.¶8.) A three-member arbitration panel held an eight-day hearing in New York in July 2010 and issued the Award on October 4, 2012. (Id.¶¶9-11.) The petition notes that, on November 1, 2012, the former stockholders of Vocada filed an application to vacate and remand the Award in a Texas state court. (Id. at 4 n.4.) That action was later removed to federal district court. Murchison Capital Partners, L.P., et al. v. Nuance Communications, Inc., No. 12 Civ. 4749 (N.D. Tex.) (the "Texas Action").

Purtell moved to dismiss without prejudice the action pending before this Court or alternatively to stay this action in favor of the first-filed Texas Action. Purtell argued that the two actions—one seeking vacatur and one seeking confirmation of the Award—were essentially identical and that proper venue should be adjudicated in the first-filed action. See Fort Howard Paper Co. v. William D. Witter, Inc., 787 F.2d 784, 790 (2d Cir. 1986) ("[W]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." (citation and quotation marks omitted)); Reliance Ins. Co. v. Six Star, Inc., 155 F. Supp. 2d 49, 54 n.2 (S.D.N.Y. 2001) ("The court in which the first-filed case was brought decides whether the first-filed rule or an exception to the first-filed rule applies."); see also Motion Picture Lab. Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.,

2

804 F.2d 16, 19 (2d Cir. 1986) (noting that action to confirm arbitration award and action to vacate same are "essentially identical" actions).

On July 30, 2013, the court in the Texas Action issued an Order granting in part and denying in part the application to vacate and remand the Award. Murchison Capital Partners, L.P., et al. v. Nuance Communications, Inc., No. 12 Civ. 4749, slip op. (N.D. Tex. July 30, 2013). The court denied Nuance's motion to dismiss, rejecting its argument that the Merger Agreement's exception to its New York forum selection clause for an action seeking "[j]udgment upon any award rendered by the arbitrators(s)" applied only to a petition to confirm the Award and not to a petition to vacate the Award. (Id. at 6 (quoting D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 104 (2d Cir. 2006) ("[I]t is irrational to consent to jurisdiction in a court for purposes of confirming an award but not for purposes of vacating all or part of it.")).) The court denied the application to vacate the Award but granted "the Application to the extent it requests to remand the Award because the Panel failed to provide sufficient findings of fact and conclusions of law on the issue of out-of-pocket damages, which was submitted to it but not resolved," reasoning that the panel's failure to do so "exceed[ed] its power." (Id. at 12-13.)

In light of the foregoing, the Court cannot grant petitioner the relief sought in this action (confirmation of the Award), as the court in the first-filed Texas Action has remanded the Award to the arbitration panel for further consideration. Accordingly, the petition is dismissed as moot.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (Dk. No. 5) is GRANTED and the petition is DISMISSED. The Clerk is directed to close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
August 28, 2013